WALTER B. KANE AND EVA E. KANE, HIS WIFE, PLAIN-TIFFS-RESPONDENTS, v. HUDSON REAL ESTATE CO., INC., OF HACKENSACK, N. J., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 11, 1956—Decided June 20, 1956.

Before Judges JAYNE, FRANCIS and SCHETTINO.

Mr. *Walter T. Wittman* argued the cause for appellant (*Mr. Mortimer A. Rogers,* attorney).

Mr. *James A. Major* argued the cause for respondents (*Messrs. Draesel & Dorfman,* by *Mr. Bernard Dorfman,* attorneys; *Mr. Samuel Rochlin,* of counsel).

The opinion of the court was delivered by

JAYNE, J. A. D.    Our consideration of the present appeal recognizes the unreported decision rendered in the Appellate Division during the summer session of 1955, the concluding passages of which we may appropriately reproduce:

> "*N. J. S.* 2*A* :42–32 provides that for the purposes of the Act, lawful rental payable as of July 31, 1953 shall be deemed the lawful base rental. This necessarily means the rental actually paid within any established legal maximum, and, while the testimony indicated a rental of $90.00 per month, prior to the execution of the lease to plaintiffs, there was no evidence before the court which definitely established the lawful base rental as of July 31, 1953.
>
> We must, therefore, conclude that the evidence before the court was insufficient to justify the entry of judgment. In the circumstances here presented the matter will be remanded to the Bergen County District Court under the doctrine of *Barkowski v. Carroll,* 30 *N. J. Super.* 402 (*App. Div.* 1954), for additional findings of fact and conclusions of law respecting the lawful base rental under *N. J. S.* 2*A* :42–32, granting leave to both parties to introduce additional evidence with respect thereto."

Upon the remand to the district court, the trial judge rejecting the defendant's objections received the testimony of

one Lavelle, an administrative employee in the supervision of the office of the Bergen County Rent Control Agency. The witness at the trial orally expressed the belief that the monthly maximum base rental for the plaintiffs' apartment as of July 31, 1953 (and as of November 1, 1953) was $55. That testimony was accompanied by the acknowledgment that the defendant had from November 1, 1953 through September 1954 exacted from the plaintiffs a monthly rent of $90. The court entered a judgment for the plaintiffs in the sum of $660. Again defendant appeals.

Essentially this appeal is erected upon the contention that there was no competent proof whatever disclosing the lawfully designated base rental for the apartment prevailing during the leasehold period.

Our interpretation of the several consonant terms and provisions of the state Rent Control Act of 1953 (notably *N. J. S.* 2*A*:42–20, 26, 32 and 38) guides us to the conviction that the lawfully established base rent, within the statutory intendment, must be evidenced by the existence of an "order" of the agency. This view is fortified by the Director's regulations. *Vide, Article* V, *paragraph* 5. It seems manifest from the record and the argument that no order applicable to the plaintiffs' apartment as of July 31, 1953 had been entered. Indeed, it was stipulated that the demised premises, though subject to the federal and state rent control legislation, were never registered with the federal Office of Price Administration, nor with the state agency until November 8, 1954.

Plaintiffs sought, in substitution for proof of the requisite order, to reveal that had an order been entered, it would have reflected a monthly base rental of $55. A statutory action of this nature cannot be sustained in the absence of proof of the existence of the requisite order, and its violation.

The judgment must be reversed, without prejudice in the circumstances to a proper application by the plaintiffs to the agency in quest of an appropriate order, and if thereby warranted, a new trial. No costs.